UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD ROE, *proceeding by pseudonym*,

        Petitioner,

             -v-

TODD LYONS, *in his official capacity as Acting
Director of the Immigration and Customs
Enforcement*, et al.,

        Respondents.

_____

        26-cv-00502-JON
        DECISION & ORDER

        Pending before this Court[1] is a motion by the Government to dismiss a petition for a writ of habeas corpus filed by petitioner Richard Roe[2] on March 17, 2026.

## **Facts**[3]

        Roe is a citizen of the United Kingdom ("UK"). He was admitted to the United States as a lawful permanent resident in August 1971. In June 2012, Roe was convicted in Broome County (NY) Court, pursuant to a plea of guilty, to one count of Felony Possession of a Controlled Substance in the Third Degree, in violation of N.Y. Penal Law Section 220.16(1) and sentenced to five years of incarceration and two years of post-release supervision.

        In August 2012, U.S. Immigration & Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") issued to Roe a Notice to Appear in immigration court, charging him with being removable under the Immigration and Nationality Act ("INA"),

---

[1] The case was assigned to me on May 1, 2026. Dkt. entry following Dkt. No. 15.
[2] Use of a pseudonym was previously authorized. *See* Dkt. No. 11.
[3] The undisputed facts are taken from the declaration of Deportation Officer John Kloosterman, attached to Respondent's Motion to Dismiss.

1

Section 237(a)(2)(A)(iii), as an alien convicted of an aggravated felony, and Section 237(a)(2)(B), as an alien convicted of a violation of any law or regulation relating to a controlled substance.

In February 2014, an immigration judge ordered Roe removed from the United States to the United Kingdom. In July 2014, the Board of Immigration Appeals dismissed Roe's appeal and in October 2014 denied reconsideration.

On December 31, 2015, ICE took petitioner into custody upon his release by New York state prison authorities. On March 31, 2026, ICE released Roe pursuant to an Order of Supervision and then on October 16, 2018, issued him a new Order of Supervision. On September 16, 2025, ICE took Roe back into custody, provided him notice that it was revoking his release, and afforded him an informal interview to respond to the reasons for revocation of his release.

On December 2, 2025, ICE met with Roe to complete a travel document application to facilitate his removal to the UK. Roe stated that he wanted to speak with his attorney and his wife before completing the application. On December 3, 2025, ICE served Roe with a Notice to Alien of File Custody Review and documents advising Roe of his obligation to assist with removal and the possible consequences for failure to comply with removal. The same day, Roe informed ICE that his lawyer told him not to complete the travel document application. As a result ICE conferred with the UK two days later, and the UK consulate informed ICE to complete as much of the travel document application as possible. On December 9, 2025, ERO submitted a travel document request to the Government of the UK.

On January 16, 2026, ERO issued to Roe a Decision to Continue Detention, informing him that it had reviewed his custody status and that he will remain in ICE custody.

On April 1, 2026, the UK consulate informed ICE that the UK Government is seeking additional documentation regarding Roe in relation to ICE's request for a travel document.

Roe is currently in ICE's custody at the Buffalo Federal Detention Facility.

**Discussion**

Roe's habeas corpus petition seeks release from custody and does not challenge the agency's removal order, over which we lack jurisdiction. 8 U.S.C. § 1252(b)(9); *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). Our jurisdiction in this habeas corpus proceeding is limited to adjudicating constitutional challenges to the length of detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003).

Congress has provided that a noncitizen subject to a final removal order must be detained during a 90-day "removal period," 8 U.S.C. § 1231(a)(1)(B)(iii), and "may be detained beyond the removal period," *id*. § 1231(a)(6). The Supreme Court has ruled that detention may continue for a period that is "reasonably necessary" to accomplish removal. *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001). The Court specified six months as a reasonable period of time to accomplish removal, *id*. at 701, and ruled that after the six-month period had elapsed, a noncitizen may seek release by demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" after which the Government may "rebut that showing," *id.* at 699, 701.

3

This case is complicated by the fact that Roe has been in detention for two different time periods. District courts are divided as to when to mark the start of the six-month removal period. "Some courts have determined that each period of detention restarts the removal-period clock. Other courts have considered the aggregate of all periods of a petitioner's detention/re-detention following an order of removal, regardless of any intervening periods of release (i.e., parole, bond, supervision)." *Naranjo v. United States Att'y Gen.*, 2026 U.S. Dist. LEXIS 40450, at *2-3 (M.D. Fla. Feb. 27, 2026) (collecting cases). The Second Circuit Court of Appeals has not had occasion to consider this issue.

This Court need not resolve the issue because the "presumptively reasonable" period of detention has exceeded six months under either line of cases. However, that period of detention only triggers Roe's burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Roe has not made even a claim, much less alleged the existence of evidence, to support his burden. Moreover, the record indicates that the United States and the UK are in continuing communications to effect Roe's removal. As recently as April 1 of this year, the UK consulate informed ICE that the UK Government is seeking additional documentation regarding Roe in relation to ICE's request for a travel document.

However, the fact of current communication between the two governments, while commendable, does not mean that Roe's detention may continue forever. At some point, if removal is not accomplished, it will become clear that there is no significant likelihood of removal in the reasonably foreseeable future, in which event continued detention will

4

have become unreasonable. Section 1231(a)(6) "does not permit indefinite detention."

*Zadvydas*, 533 U.S. at 689.

Roe's additional claims for release are without merit.

Accordingly, the petition for a writ of habeas corpus is dismissed, without prejudice to renewal in 90 days. At that time, a subsequent petition for a writ of habeas corpus may be filed without payment of a new docketing fee. If filed, the reasonableness of Roe's continued detention will be reconsidered. Judgment may be entered in accordance with this opinion.

SO ORDERED.

Hon. Jon O. Newman
Senior Circuit Judge of the U.S. Court of Appeals
for the Second Circuit, sitting by designation

DATED: May 13, 2026

5