UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD ROE, *proceeding by pseudonym*,

      Petitioner,

        -v-

TODD LYONS, *in his official capacity as Acting Director of the Immigration and Customs Enforcement*, *et al.,*

      Respondents.

_____

      26-cv-00502-JON
      DECISION & ORDER

In this habeas corpus case brought under 28 U.S.C. § 2241, some unusual developments have occurred. On May 26 (all dates in this order are in 2026), acting on a motion filed by Petitioner on May 25, I entered an Order that prohibited the Respondent and any person acting in concert with the Respondent from transferring the Petitioner outside the Western District of New York ("WDNY") pending further order of this Court. Dkt No. 19.

Also on May 26, the Government filed a letter making several representations. First, the Government reports that "[d]ue to an issue with receiving emails that is currently affecting this Office," Dkt No. 20, at 1, this Court's stay of transfer was not received until 2:44 p.m. on May 26.

Next, the Government reports that at approximately 10:30 a.m. on May 26 the Petitioner was placed on a bus and departed from the Buffalo Federal Detention Facility and was aboard a flight that left the Buffalo airport at 12:54 p.m. The Government reports

1

that this Court's order prohibiting transfer was issued at 12:39 p.m. The Government does not state the plane's destination nor the Petitioner's current location.

On May 28, the Petitioner filed a letter reporting that he had been transferred to Louisiana and remains detained at River Correctional Facility. Dkt. No. 21. Petitioner's detention in Louisiana implied that the Government has not yet obtained travel documents for his removal to the UK.

The Government asserts that I no longer have jurisdiction because of the judgment entered on May 26. Because of ongoing discussions between the Government and officials of the United Kingdom concerning the Government's efforts to obtain travel documents for the Petitioner's removal to the United Kingdom, that judgment dismissed the habeas corpus petition without prejudice to renewal in 90 days to afford the Government additional time to obtain travel documents needed for the Petitioner's removal.

The Government contends that the entry of that judgment ends this Court's jurisdiction over the matter, citing *Alessi Equipment, Inc. v. American Piledriving Equipment, Inc.*, 160 F. 4th 38. 46 (2d Cir. 2025). That decision did not involve a dismissal without prejudice to renewal at a specified time, much less a "without prejudice" condition added to give the Government time to take action is wished to take, i.e., secure travel documents needed to effectuate Petitioner's removal.

Another arguably relevant circumstance is that on March 20, Judge Meredith A. Vacca, to whom this case was assigned prior to reassignment to me, had issued an Order that, among other things, "ORDERED that Respondents refrain from transferring

2

Petitioner out of the United States until after the Court determines whether an evidentiary hearing is warranted." Dkt. No. 6, at 3.[1]

Perhaps most pertinent to the current status of this case is the Government's representation in its May 26 letter that "ICE will return Petitioner to the Western District of New York upon order of this Court." Dkt. No. 20, at 1.

Under all the circumstances, this Court now Orders the Respondent and all persons acting in concert with him (1) to begin forthwith taking necessary steps to return the Petitioner to WDNY, (2) to effectuate his return to WDNY within five days, (3) to promptly advise this Court (a) of steps taken to comply with this Order and (b) when the Petitioner has been returned to WDNY, and (4) to promptly advise the Court (a) whether travel documents have been obtained to remove the Petitioner to the UK and (b) why the Petitioner was transferred from WDNY to Louisiana.

SO ORDERED.

Hon. Jon O. Newman
Senior Circuit Judge of the U.S. Court of Appeals
for the Second Circuit, sitting by designation

DATED:     May 29, 2026
           Buffalo, NY

---

[1] In a footnote to its May 26 letter, the Government acknowledges Judge Vacca's March 20 Order, but contends that it is "tantamount to a stay of removal, not transfer," Dkt. No. 20, at 1, n.1, even though her Order explicitly states that it prohibits "transferring," *id*.